ORIGINAL

**Erin DeLetto**
5925 Grechetto Ct
Las Vegas, NV 89141-0466
(702) 860-9004 phone
Pro Per

2008 NOV 19  A 9:51

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIN DELETTO )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OPBIZ, L.L.C. d/b/a Aladdin Resort & )<br>Casino, a Nevada corporation; JOHN DOES )<br>I through X; and ROE CORPORATIONS I )<br>through X, inclusive, )<br>)<br>Defendants. ) | **2:08-CV-1613 RLH-LRL**<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF ERIN DELETTO,** an individual, complains against the above named Defendants, alleges as follows:

## I.  OVERVIEW

1. This is an action brought by an individual Plaintiff, Erin DeLetto ("DeLetto"), to secure the protection of and redress the rights secured by under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. ("Title VII").

2. DeLetto also asserts causes of action for compensatory and punitive damages under Nevada law, pursuant to 28 U.S.C. §1367 (2007); said causes of action arising out of the same core of operative facts and involving the same parties as DeLetto's Title VII claim.

## II.  JURISDICTIONAL ALLEGATIONS

3. This Court's jurisdiction to enforce the provisions of Title VII is conferred by Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e-5(f)(1) and (3) (2006) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a (2006).

Paid Amt $ 350   Date 11/19/08
Receipt # 110905   Initials ES

4. This Court's jurisdiction to redress DeLetto's state law claims is conferred by 28 U.S.C. § 1367 (2007).

5. All conditions precedent to the Court's jurisdiction have been complied with, to wit:

    a. Pursuant to N.R.S. § 613.430 (2007) and Title VII, on December 18, 2006, DeLetto timely filed a *Charge of Discrimination* with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC");

    b. DeLetto received a *Dismissal and Notice of Rights* by the EEOC, a copy of said *Notice* is attached hereto as Exhibit 1 and incorporated herein by reference; and

    c. The instant lawsuit was commenced within 90 days from DeLetto's receipt of the EEOC's *Dismissal and Notice of Rights*.

### III.   VENUE

6. The venue of this Court over the instant lawsuit is as follows:

    a. All of the unlawful employment practices alleged in this Complaint were committed within the County of Clark, State of Nevada. Accordingly, venue over this lawsuit properly lies in the United States District Court for the Southern District of Nevada under 28 U.S.C. § 1391(b) (2007); and

    b. Defendant Opbiz, L.L.C. d/b/a/ Aladdin Resort & Casino ("Aladdin") is a Nevada corporation duly licensed, and conducting business in Clark County Nevada. Accordingly, venue lies in the United States District Court for the Southern District of Nevada under 28 U.S.C. § 1391(c) (2007).

### IV.   GENERAL ALLEGATIONS

7. DeLetto is, and at all relevant times mentioned herein was, a resident of Clark County, Nevada.

8. Upon information and belief, Defendant Aladdin is, and at all relevant times mentioned herein was, a Nevada corporation, duly licensed, and conducting business in, Las Vegas, Nevada and Clark County, Nevada.

9. Defendant Aladdin is, and at all relevant times mentioned herein was, engaged in an industry affecting commerce, as defined in Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§

2000e(b), (g) and (h). At all relevant time mentioned herein, Defendant Aladdin employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the then current or preceding calendar year, and was an "employer" within the meaning of Title VII and N.R.S. § 613.310.

10. At all relevant times mentioned herein, Defendant Aladdin was the employer or former employer of DeLetto.

11. The true names and capacities, whether individual, corporate, association or otherwise, of Defendants JOHN DOES I through X and ROE CORPORATIONS I through X are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names; Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as JOHN DOES AND ROE CORPORATIONS are parties responsible for the actions giving rise to Plaintiff's claims for relief; and Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of JOHN DOES I through X and ROE CORPORATIONS I through X when the same have been ascertained, and to join such Defendants in this action.

**FIRST CLAIM FOR RELIEF**

12. DeLetto re-alleges and incorporates paragraphs 1 through 11 above, as though fully set forth herein.

13. On or about November 15, 2004, DeLetto, a female, began her employment as the Manager of Starbucks at the Aladdin.

14. Under DeLetto's management, the Starbucks at the Aladdin received the "5 Star Legendary Service Award" in April of 2005.

15. DeLetto received a Performance Review in June 2005 and received all "Exceed Standards" and "Meets Standards" ratings.

16. On or about June 27, 2005, DeLetto received an annual salary increase.

17. On or about December 16, 2005, DeLetto was promoted to the Casual Dining Outlet Manager at the Aladdin.

18. DeLetto was paid less then the male Casual Dining Outlet Manager she replaced in violation of Title VII and in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

19. On or about February 22, 2006, Warner Hedrick III ("Hedrick") was hired as the Aladdin's Vice President of Food & Beverage. DeLetto was the only female restaurant manager Hedrick supervised.

20. Upon becoming DeLetto's supervisor, Hedrick unlawfully discriminated against DeLetto in violation of Title VII by subjecting DeLetto to disparate terms and conditions of employment as compared to her male counterparts, including, but not limited to subjecting DeLetto to micro management unlike her male counter-parts, an incessant number of e-mails regarding job duties and responsibilities, and requiring DeLetto to make an appointment with his secretary to DeLetto to meet with Hedrick to discuss day to day operations issues.

21. After complaining about Hedrick's conduct to Human Resources, DeLetto was given a negative performance review and an overall "Did Not Meet Objectives" rating by Hedrick,

22. On or about May 9, 2006, DeLetto was discharged from her employment with the Aladdin.

23. DeLetto has suffered, and continues to suffer, as a direct and proximate result of Defendant Aladdin's unlawful sexual discrimination.

24. It has been necessary for DeLetto to retain the services of an attorney for the purpose of litigating this action. Pursuant to Title VII, DeLetto is entitled to an award of reasonable attorneys' fees and costs of suit.

**SECOND CLAIM FOR RELIEF**

25. DeLetto re-alleged and incorporates paragraphs 1 though 24 above, as though fully set forth herein.

26. Defendant Opbiz, L.L.C., in willfully discriminating against DeLetto based upon her sex, female, violated Nevada Revised Statute § 613.330, which prohibits sexual discrimination in employment.

27. DeLetto has suffered, and continues to suffer, as a direct and proximate result of Defendant Aladdin's unlawful sexual discrimination.

///

///

28. It has been necessary for DeLetto to retain the services of an attorney for the purpose of litigating this action. Pursuant to N.R.S. § 613.333(3), DeLetto is entitled to an award of reasonable attorneys' fees and costs of suit.

### THIRD CLAIM FOR RELIEF

29. DeLetto re-alleges and incorporates paragraphs 1 through 28 above, as though fully set forth herein.

30. On or about March 30, 2006, no longer able to withstand Hedrick's treatment, DeLetto went to the Aladdin's Human Resources Department to complain about Hedrick's discriminatory and harassing treatment.

31. The Aladdin failed to adequately address DeLetto's complaints.

32. From about March 30, 2006 to May 9, 2006, DeLetto was retaliated against by Hedrick for reporting his conduct to Human Resources, including, but not limited to, giving DeLetto a negative performance review and an overall "Did Not Meet Objectives" rating, requiring DeLetto to perform tasks not required of her male counter-parts, asking DeLetto if she was committed to the company and if she wished to continue her employment at the Aladdin, in violation of Title VII.

33. On or about May 9, 2006 DeLetto was discharged from her employment with the Aladdin in retaliation for her complaints in violation of Title VII.

34. DeLetto has suffered, and continues to suffer, as a direct and proximate result of Defendant Aladdin's unlawful retaliation.

35. It has been necessary for DeLetto to retain the services of an attorney for the purpose of litigating this action. Pursuant to Title VII, DeLetto is entitled to an award of reasonable attorneys' fees and costs of suit.

### FOURTH CLAIM FOR RELIEF

36. DeLetto re-alleges and incorporates paragraphs 1 though 35 above, as though fully set forth herein.

37. Defendant Opbiz, L.L.C., in willfully retaliating against DeLetto based her employment complaint, violated Nevada Revised Statute § 613.330, which prohibits retaliation in employment.

38. DeLetto has suffered, and continues to suffer, as a direct and proximate result of Defendant Aladdin's unlawful retaliation.

39. It has been necessary for DeLetto to retain the services of an attorney for the purpose of litigating this action. Pursuant to N.R.S. § 613.333(3), DeLetto is entitled to an award of reasonable attorneys' fees and costs of suit.

**WHEREFORE**, DeLetto prays for judgment against Defendant Aladdin, as follows:

1. With respect to DeLetto's First, Second, Third, and Fourth Causes of Action, DeLetto prays for judgment against Defendant Aladdin for all remedies and monetary damages to which DeLetto is entitled under Title VII and Nevada law, including, but not limited to:

   a. Injunctive relief;

   b. Back pay (lost wages, commissions, earnings, retirement and other employee benefits);

   c. Compensatory loss and damages, such as lost wages, commissions, earnings, retirement and other employee benefits;

   d. Emotional pain and suffering;

   e. Pre-judgment and post-judgment interest;

   f. Punitive damages;

   g. Reasonable attorneys' fees and costs of suit; and

   h. For such other and further relief as the Court deems just and proper.

**DATED** this _18_ day of November, 2008

By: _/s/ Erin C. DeLetto_
Erin DeLetto
5925 Grechetto Ct
Las Vegas, NV 89141-0466
(702) 860-9004 phone
Pro Per

## JURY TRIAL DEMAND

DeLetto hereby demands a jury trial on all issues triable to a jury.

**DATED** this 18 day of November, 2008.

By: *Erin E. LaBeth* (signature)
Erin DeLetto
5925 Grechetto Ct
Las Vegas, NV 89141-0466
(702) 860-9004 phone
Pro Per